NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DENNIS GRIMES, | No. 09-55578 |
| Plaintiff - Appellee, | D.C. No. 3:06-cv-02309-BTM-LSP |
| v. | |
| JAMES E. TILTON, | MEMORANDUM* |
| Defendant, | |
| and | |
| A. FAVILA; et al., | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Submitted May 25, 2010**

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Defendant prison officials appeal from the district court's order denying them qualified immunity in California state prisoner Dennis Grimes's 42 U.S.C. § 1983 action. We have jurisdiction over an interlocutory appeal from the denial of qualified immunity. *Clement v. Gomez*, 298 F.3d 898, 901 (9th Cir. 2002). We review de novo, *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002), and we affirm in part, vacate in part, and remand.

The district court properly concluded that defendants were not entitled to qualified immunity on Grimes's claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") because Grimes's rights under RLUIPA were clearly established in late 2005 and 2006 when defendants denied his requests for a vegetarian diet based on his religious beliefs. *See Cutter v. Wilkinson*, 544 U.S. 709, 725 n. 13 (2005) (RLUIPA bars inquiry into whether a particular belief or practice is "central" to a prisoner's religion); *see also Warsoldier v. Woodford*, 418 F.3d 989, 995, 1000 (9th Cir. 2005) (RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs and "[w]here a prisoner challenges the [prison's] justifications, prison officials *must* set forth detailed evidence, tailored to the situation before the court, that identifies the

failings in the alternatives advanced by the prisoner.") (citation and internal quotation marks omitted).

Defendants correctly contend that the district court erred by refusing to consider their arguments pertaining to qualified immunity on Grimes's First Amendment claim. However, we decline to consider their arguments in the first instance, and vacate and remand to the district court for consideration of this issue. *See Richardson v. Runnels*, 594 F.3d 666, 672 (9th Cir. 2010) (declining to reach qualified immunity because the issue had never been addressed by the district court).

Defendants' remaining contentions are unpersuasive.

We have considered Defendants' April 16, 2010 letter, and decline to reverse and remand in light of *Holley v. California Dep't of Corrs.*, 599 F.3d 1108 (9th Cir. 2010), because the district court in its September 5, 2007 order, already dismissed Grimes's RLUIPA claims for monetary damages against Defendants in their official capacities.

Defendants shall bear all costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

3                                                                                              09-55578