**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DENNIS GRIMES, | No. 11-56738 |
| Plaintiff - Appellee, | D.C. No. 3:06-cv-02309-BTM-WVG |
| v. | |
| JAMES E. TILTON; et al., | MEMORANDUM* |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Submitted January 15, 2013**

Before:    SILVERMAN, BEA, and NGUYEN, Circuit Judges.

Defendant prison officials appeal from the district court's order denying

them qualified immunity in California state prisoner Dennis Grimes' 42 U.S.C.

§ 1983 action.  We have jurisdiction over an interlocutory appeal from the denial

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of qualified immunity. *Clement v. Gomez*, 298 F.3d 898, 901 (9th Cir. 2002). We review de novo, *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002), and we reverse and remand.

The district court erred in denying defendants qualified immunity on Grimes' First Amendment claim because a reasonable officer in defendants' position could have concluded, pursuant to California regulations in force at the time, that requiring verification of Grimes' religious belief before providing a vegetarian diet was constitutional. *See Resnick v. Adams*, 348 F.3d 763, 771 n.8 (9th Cir. 2003) (stating, in a First Amendment exercise of religion case, "[w]e have held that 'when a public official acts in reliance on a duly enacted statute or ordinance, that official ordinarily is entitled to qualified immunity'" (citation omitted)).

While this court previously affirmed the denial of qualified immunity on Grimes' Religious Land Use and Institutionalized Persons Act ("RLUIPA") claim as to these defendants, *see Grimes v. Tilton*, 384 F. App'x 603 (9th Cir. 2010), RLUIPA provides broader protection for religious exercise than does the First Amendment. *See Greene v. Solano County Jail*, 513 F.3d 982, 986 (9th Cir. 2008) (recognizing that RLUIPA "expanded the reach of the protection" afforded by the

First Amendment and requires the government to meet a "much stricter burden" to support a burden on religious exercise).

Accordingly, we reverse the district court's denial of qualified immunity as to Grimes' First Amendment claim and remand to the district court for further proceedings on Grimes' RLUIPA claim.

**REVERSED and REMANDED.**

11-56738