**Ron SCOTT, Appellant**

v.

**Jeffrey BEARD, Secretary of Corrections for the Pennsylvania Department of Corrections; Martin Horn, Former Secretary of Corrections for the Pennsylvania Department of Corrections; Raymond J. Sobina, Superintendent at SCI Somerset; K. Flowers, Lieutenant at SCI Camp Hill; John Doe, Lieutenant at SCI Camp Hill.**

No. 06–4439.

United States Court of Appeals, Third Circuit.

Argued Sept. 26, 2007.

Filed Oct. 30, 2007.

Elizabeth J. Goldstein [Argued], Camp Hill, PA, for Appellant.

J. Bart DeLone [Argued], Office of Attorney General of Pennsylvania, Harrisburg, PA, for Appellee.

Before: AMBRO, JORDAN and ROTH, Circuit Judges.

## OPINION OF THE COURT

JORDAN, Circuit Judge.

Plaintiff Ron Scott appeals the District Court's order granting summary judgment in favor of defendants Jeffrey Beard, Raymond Sobina, and Kathy Flowers. We affirm.

### BACKGROUND

Scott was a prisoner of the Commonwealth of Pennsylvania from 2000 to 2002. While incarcerated, he was disciplined for failure to comply with regulations governing the length of his hair. Scott claimed his religious beliefs prevented him from cutting his hair, but he did not provide prison officials with the documentation required to obtain a religious exemption to the prison's hair length policy.

After his release, Scott filed a *pro se* complaint seeking injunctive and monetary relief for violations of Pennsylvania state law, the Religious Land Use and Incarcerated Persons Act ("RLUIPA"), and his rights under the United States Constitution. Among others,[1] Scott named as defendants Jeffrey Beard, the Pennsylvania Secretary of Corrections, Raymond Sobina, the Superintendent of the State Correctional Institution at Somerset, and Kathy Flowers, a correctional officer at the State Correctional Institution at Camp Hill. Scott purported to bring claims against Secretary Beard in his official capacity and against Superintendent Sobina and Officer Flowers in their individual capacities. Scott claimed that Secretary Beard, as the official ultimately responsible for the hair length policy, violated his rights under RLUIPA. He claimed that Superintendent Sobina violated his due process rights by denying his appeal of the hair length policy. Finally, he claimed that Officer Flowers violated his due process rights by coercing him into waiving a grievance on a matter unrelated to the hair length policy.

On the Commonwealth's motion for summary judgment, the District Court concluded that Scott had waived his state law and constitutional claims because he did not defend them in response to the Commonwealth's summary judgment motion. Because Scott had been released from prison, the District Court denied all claims for injunctive relief as moot. Finally, the District Court ruled that the defendants were entitled to qualified immunity on the RLUIPA claim for damages.

We exercise plenary review over a District Court's grant of summary judgment. *United States ex rel. Quinn v. Omnicare,* 382 F.3d 432, 436 (3d Cir.2004). Summary judgment is appropriate "if there is no genuine issue of material fact and the moving party is entitled to judgement as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### DISCUSSION

Scott argues that the defendants were not entitled to qualified immunity. However, we need not reach that issue to decide the case. Scott has not appealed the dismissal of his due process claims against Superintendent Sobina and Officer Flowers. Nor has he appealed the dismissal of his claim for injunctive relief under RLUIPA. The only claim before us is a RLUIPA claim for money damages against Secretary Beard in his official capacity. Because that claim is essentially leveled against Pennsylvania itself, it is

---

**1.** The District Court dismissed all claims against defendants not discussed here. Scott has not appealed that ruling.

barred by the Eleventh Amendment. *Laskaris v. Thornburgh,* 661 F.2d 23, 25–26 (3d Cir.1981) *(citing Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)).

At oral argument, Scott's counsel urged that, in light of Scott's *pro se* status, his RLUIPA claim should be read as a claim against Secretary Beard in both his individual and his official capacity. Counsel further argued that a broad reading of the complaint reveals a RLUIPA claim against Superintendent Sobina in his individual capacity. Unfortunately for Scott, the complaint will not bear that construction. It is true that we read *pro se* complaints liberally, *Zilich v. Lucht,* 981 F.2d 694, 694 (3d Cir.1992), but that does not make such complaints endlessly malleable. Despite his *pro se* status, Scott clearly stated his claims against Superintendent Sobina as involving violations of due process, with no mention of RLUIPA. Likewise, Scott showed he knew how to name people in their individual or official capacities, as he thought best. Superintendent Sobina and Officer Flowers were sued in their individual capacities while Secretary Beard was sued in his official capacity. Therefore, it is apparent from Scott's pleadings that he knew how to make a claim against Secretary Beard in his individual capacity and chose not to do so.

In short, since the only viable appeals of the summary judgment is on Scott's RLUIPA claim for damages against Secretary Beard in his official capacity and that claim is barred by sovereign immunity, we affirm.