**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PATRICK RONALD HOLLEY, SR.,
            *Plaintiff-Appellant,*

v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS; CALIFORNIA MEDICAL
FACILITY; DAVIS; ARONSEN; R.W.
WILLIAMS,

            *Defendants,*

            and

YOUNGBLOOD; M. VEAL; D.S.
JONES; MORENO,
            *Defendants-Appellees.*

No. 07-15552

D.C. No.
CV-04-02006-
MCE/EFB

OPINION

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Argued and Submitted
January 15, 2010—San Francisco, California

Filed April 5, 2010

Before: J. Clifford Wallace, Procter Hug, Jr. and
Richard R. Clifton, Circuit Judges.

Opinion by Judge Clifton

## COUNSEL

Joseph Haig Boyd, The Law Offices of Joseph H. Boyd, Kerman, California, for the plaintiff-appellant.

Barry Alves, Maria G. Chan, and James Flynn, Office of the California Attorney General, Sacramento, California, for the defendants-appellees.

## OPINION

CLIFTON, Circuit Judge:

State prisoner Patrick Ronald Holley, Sr., appeals from the district court's summary judgment in favor of defendant prison officials. Holley alleges in his 42 U.S.C. § 1983 action that California Department of Corrections grooming regulations requiring short hair imposed a substantial burden on his exercise of religion in violation of section 3 of the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc-1. He seeks damages from defendants in their official capacities. We must decide whether the acceptance of federal prison funding by the state of California effected a waiver of the state's sovereign immunity that would allow the RLUIPA claim for damages against state officials in their official capacities to proceed in federal court. We conclude that California did not waive its Eleventh Amendment immunity under either RLUIPA or the Rehabilitation Act Amendments of 1986, and we therefore affirm the judgment of the district court.

## I. Background

Holley is an inmate at the California Medical Facility in Vacaville, California. He has, at various times, identified himself as a Christian, a Satan worshiper, and a Nazarite, and has attended Muslim services. Holley has stated that no established religion adequately describes his religious beliefs, which involve paying close attention to his spirit. He derived the religious practice at issue in this case—the requirement that he refrain from cutting his hair—from *Numbers* 6:3-5 in the Bible.

Holley faced disciplinary action on several occasions for keeping his hair longer than prison grooming regulations allowed. On April 19, 2004, Holley filed an administrative grievance complaining that he should be permitted to grow

his hair in spite of the grooming regulations because of his religious beliefs. He appealed this grievance, which was denied at each stage, to the Director's Level of review, where it was denied on September 14, 2004.[1]

Meanwhile, on May 13, 2004, Holley was cited for letting his hair grow too long. He challenged this action by filing a second grievance, contending again that he should be exempt from the hair grooming regulations because of his religion. On June 20, 2004, he cut his hair to avoid punishment.

Between August and October 2005, Holley was charged three more times with violating the grooming regulations for having braids longer than three inches. These charges were all eventually dismissed.

The grooming regulations at issue were amended effective January 17, 2006. Holley was allowed to have long hair under the amended regulations. Prior disciplinary actions were reversed and associated penalties rescinded.

Holley filed suit in the district court alleging, among other claims, that being required to cut his hair violated his rights under RLUIPA.[2] He sought damages against each of the

---

[1]Holley contends that the district court erred in holding that he failed to exhaust his administrative remedies as to all of his grievances. We need not reach this issue, however. Even assuming that the district court did err, any error was harmless because it did not affect Holley's ability to pursue his claims in federal court. The district court held, and the government does not dispute, that Holley exhausted administrative remedies as to at least one of the grievances raising the issues he pursues here. We, like the district court, may therefore reach the merits of his claims.

[2]Section 3 of RLUIPA provides that:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a).

defendant prison officials in their official capacities. The parties filed cross-motions for summary judgment. The magistrate judge, concluding that the Eleventh Amendment bars official-capacity suits for damages under RLUIPA, recommended denying Holley's summary judgment motion and granting the summary judgment motion filed by defendants. The district court fully adopted the magistrate judge's recommendations and entered judgment for defendants. This appeal followed.

## II. Discussion

Holley cannot seek injunctive or declaratory relief, because it is undisputed that he is now allowed to have long hair and all prior penalties for his violations of the earlier policy have been rescinded. Holley has abandoned any request for money damages he might have claimed against defendants in their individual capacities. The only form of relief he currently seeks is money damages against defendants in their official capacities.

[1] We review a party's immunity under the Eleventh Amendment de novo. *See Holz v. Nenana City Pub. Sch. Dist.*, 347 F.3d 1176, 1179 (9th Cir. 2003). For sovereign-immunity purposes, we treat Holley's suit against state officials in their official capacities as a suit against the state of California. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). The Eleventh Amendment bars such a suit unless Congress has abrogated state sovereign immunity under its power to enforce the Fourteenth Amendment or a state has waived it. *See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999) (recognizing these "two circumstances in which an individual may sue a State"). Abrogation is not at issue in this case. The availability of damages here turns, therefore, on whether California waived its immunity to damages in RLUIPA suits by accepting federal funding that was conditioned on such a waiver.

**[2]** To be a valid waiver, a state's consent to suit must be "unequivocally expressed in the statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996);**[3]** *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). "[T]here can be no consent by implication or by use of ambiguous language." *United States v. N.Y. Rayon Importing Co.*, 329 U.S. 654, 659 (1947). Courts must "indulge every reasonable presumption against waiver," *Coll. Sav. Bank*, 527 U.S. at 682, and waivers "must be construed strictly in favor of the sovereign and not enlarged beyond what the [statutory] language requires." *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992) (citations, ellipses, and internal quotation marks omitted). "To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims." *Lane*, 518 U.S. at 192.

Holley points to two federal statutes that he contends accomplish, in conjunction with California's acceptance of federal funds, the waiver that he needs: RLUIPA itself, 42 U.S.C. § 2000cc-2; and section 1003 of the Rehabilitation Act Amendments of 1986, 42 U.S.C. § 2000d-7. We conclude that neither statute employs the explicit and unambiguous language that waiver of sovereign immunity requires.

### A. RLUIPA

**[3]** The RLUIPA language Holley identifies as supporting a waiver of sovereign immunity provides that "[a] person may assert a violation of this chapter as a claim or defense in a

---

**[3]**That *Lane* involved waiver of the *federal government's* sovereign immunity does not change the waiver analysis. The Supreme Court has held that "[i]n considering whether the Eleventh Amendment applies . . . cases involving the sovereign immunity of the Federal Government . . . provide guidance." *California v. Deep Sea Research, Inc.*, 523 U.S. 491, 506 (1998); *see also, e.g.*, *Van Wyhe v. Reisch*, 581 F.3d 639, 653 (8th Cir. 2009) (relying on federal-immunity cases in analyzing waiver under RLUIPA); *Nelson v. Miller*, 570 F.3d 868, 883-85 (7th Cir. 2009) (same).

judicial proceeding and obtain *appropriate relief* against a government."[4] 42 U.S.C. § 2000cc-2(a) (emphasis added). Holley argues that "appropriate relief" includes monetary damages and that recipients of federal funding waive sovereign immunity under this phrase to make such damages available.

**[4]** This statutory text does not "unequivocally express[ ]" a waiver of sovereign immunity. *Lane*, 518 U.S. at 192. The phrase "appropriate relief" does not address sovereign immunity specifically at all, let alone "extend [a waiver of sovereign immunity] unambiguously to . . . monetary claims" in particular. *Id.* We join five of the six circuits to have considered this question in holding that "RLUIPA's 'appropriate relief' language does not unambiguously encompass monetary damages so as to effect a waiver of sovereign immunity from suit for monetary claims . . . ." *Van Wyhe v. Reisch*, 581 F.3d 639, 654 (8th Cir. 2009).[5]

The contrary holding of the Eleventh Circuit in *Smith v. Allen*, 502 F.3d 1255 (11th Cir. 2007), stands alone. But

---

[4]The statute's definition of "government," which includes "any . . . person acting under color of State law," 42 U.S.C. § 2000cc-5(4)(A)(iii), covers the defendants acting in their official capacities.

[5]*See also Madison v. Virginia*, 474 F.3d 118, 131 (4th Cir. 2006) ("['Appropriate relief'] falls short of the unequivocal textual expression necessary to waive the State immunity from suits for damages."); *Sossamon v. Texas*, 560 F.3d 316, 331 (5th Cir. 2009) ("RLUIPA is clear enough to create a right for damages on the cause-of-action analysis, but not clear enough to do so in a manner that abrogates state sovereign immunity from suits for monetary relief."); *Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009) ("RLUIPA does not contain a clear indication that Congress unambiguously conditioned receipt of federal prison funds on a State's consent to suit for monetary damages."); *Nelson v. Miller*, 570 F.3d 868, 885 (7th Cir. 2009) (" '[A]ppropriate relief' does not provide the 'unequivocal textual expression' necessary to effect a waiver of sovereign immunity to suits for damages."). The Third Circuit has also held that the Eleventh Amendment bars RLUIPA official-capacity claims for money damages, but it did so without analysis. *See Scott v. Beard*, 252 F. App'x 491, 492-93 (3d Cir. 2007).

*Smith*'s reasoning, which relied on the Supreme Court's decision in *Franklin v. Gwinnett County Public Schools*, 503 U.S. 60 (1992), was undercut by the Supreme Court's later clarification of *Franklin* in *Lane v. Pena*, 518 U.S. 187 (1996). The Eleventh Circuit relied on *Franklin* for the proposition that "where Congress ha[s] not given any guidance or clear indication of its purpose with respect to remedies, federal courts should presume the availability of all appropriate remedies." *Smith*, 502 F.3d at 1270. *Franklin*, however, involved no claim of sovereign immunity. As the Court noted in distinguishing *Franklin* in *Lane*, "[w]here a cause of action is authorized against [an immune sovereign], the available remedies are not those that are 'appropriate,' but only those for which sovereign immunity has been expressly waived." 518 U.S. at 196-97. The phrase "appropriate relief" alone does not trump sovereign immunity to make monetary relief available under RLUIPA.

### B. 42 U.S.C. § 2000d-7

**[5]** Holley argues that even if the language of RLUIPA does not effect a waiver of sovereign immunity, a separate statute, 42 U.S.C. § 2000d-7, does. This section, included as part of the Rehabilitation Act Amendments of 1986, reads: "A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of [several enumerated antidiscrimination statutes], or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance." 42 U.S.C. § 2000d-7(a)(1). Holley contends that RLUIPA falls within the catch-all reference to "Federal statute[s] prohibiting discrimination by recipients of Federal financial assistance," and that § 2000d-7 therefore effects a waiver of sovereign immunity for RLUIPA violations.

**[6]** We disagree. The Eighth Circuit considered and cogently rejected this argument in *Van Wyhe:*

> The institutionalized persons section of RLUIPA . . .
> (Section 3) . . . does not unambiguously prohibit
> discrimination—it prohibits substantial burdens on
> religious exercise, without regard to discriminatory
> intent. Congress understands how to create a federal
> statute prohibiting discrimination, and it did so
> within RLUIPA's separate section (Section 2) deal-
> ing with land use regulations. Section 2 of RLUIPA
> prohibits "discrimination" against religious institu-
> tions "on the basis of religion" with regard to land
> use regulations and prohibits land use regulations
> that treat a religious institution "on less than equal
> terms with a nonreligious assembly or institution."
> 42 U.S.C. § 2000cc(b)(1), (2). Similar language, pro-
> hibiting discrimination or requiring equal treatment,
> is conspicuously omitted from the RLUIPA protec-
> tions afforded to institutionalized persons under Sec-
> tion 3. . . . The antidiscrimination statutes listed in
> [42 U.S.C. § 2000d-7(a)(1)] all explicitly prohibit
> discrimination, and the institutionalized persons sec-
> tion of RLUIPA does not fit neatly within that genre.
> . . . Absent an unequivocal textual indication that [42
> U.S.C. § 2000d-7(a)(1)] applies to Section 3
> institutionalized-person-RLUIPA claims, we will not
> rely on [42 U.S.C. § 2000d-7(a)(1)] to effectuate a
> knowing waiver of sovereign immunity from money
> damages on those claims.

581 F.3d at 654-55 (footnotes and citations omitted). We
agree with the Eighth Circuit's reasoning that Section 3 of
RLUIPA, 42 U.S.C. § 2000cc-1, is not among the "other Fed-
eral statute[s] prohibiting discrimination" to which § 2000d-
7(a)(1) refers. Section 2000d-7, therefore, does not effect a
waiver of sovereign immunity for damages claims brought
under section 3 of RLUIPA.

## III.    Conclusion

[7] Neither the "appropriate relief" language of RLUIPA,
42 U.S.C. § 2000cc-2, nor the catch-all provision of 42 U.S.C.

§ 2000d-7 caused California to waive its sovereign immunity by accepting federal prison funds. The Eleventh Amendment bars Holley's suit for official-capacity damages under RLUIPA.

AFFIRMED.