**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES SHILLING

          Plaintiff - Appellant,

  v.

JACKIE CRAWFORD, et al.

          Defendants - Appellees.

No. 08-16494

D.C. Nos. 2:05-CV-00889-PMP-GWF

MEMORANDUM [*]

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted January 15, 2010
San Francisco, California

Before: WALLACE, HUG and CLIFTON, Circuit Judges.

    Former Nevada prisoner James Shilling appeals from the district court's

summary judgment of his action alleging violations of 42 U.S.C. § 1983 and the

Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). We

have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's

---

    [*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

grant of summary judgment de novo. *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 749 (9th Cir. 2009). We must determine, viewing the evidence in the light most favorable to the non-moving party, whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law. *Corales v. Bennett*, 567 F.3d 554, 562 (9th Cir. 2009). We may affirm on any grounds supported by the record, *id.*, and do so here.

As a threshold matter, it is well settled that in the First Amendment context,

> [t]he determination of what is a 'religious' belief or practice is more often than not a difficult and delicate task,. . . the resolution of [which] is not to turn upon a judicial perception of the particular belief or practice in question; religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection.

*Thomas v. Review Bd. of Indiana Employment Sec. Div.*, 450 U.S. 707, 714 (1981). RLUIPA incorporates this principle, defining "religious exercise," to include "*any* exercise of religion, whether or not compelled by, or central to, a system of religious belief. " 42 U.S.C. § 2000cc-5(7)(A) (emphasis added). "RLUIPA 'bars inquiry into whether a particular belief or practice is "central" to a prisoner's religion.'" *Greene v. Solano County Jail*, 513 F.3d 982, 986 (9th Cir. 2008) (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005)). The suggestion that the prison was permitted to deny Shilling a kosher diet because it determined that he was not a "legitimate" Orthodox Jew as a matter of the formal requirements of

2

Judaic law or would not be recognized as a true member of the religion by an Orthodox Jewish congregation because his mother was not Jewish and he had not formally converted is plainly inconsistent with RLUIPA. Because it is not our place to question the sincerity of Shilling's religious beliefs, we credit the beliefs he alleges as genuine.

Shilling brought claims for both injunctive and monetary relief for defendants' failure to provide him with a kosher diet at the High Desert State Prison ("HDSP") in Nevada. Because Shilling has since been transferred to a Washington correctional facility with no prospect of returning to HDSP, any claims for injunctive relief are moot. *See Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991).

Shilling's claims for damages were brought against defendants in both their official and individual capacities. State officials sued for damages in their official capacities are not "persons" within the meaning of § 1983. *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). Rather, suits against them are no different than suits against the state itself, and the Eleventh Amendment bars such suits. *Id*. Thus, the summary judgment on Shilling's § 1983 claims against defendants in their official capacities was proper.

Summary judgment was also proper on Shilling's RLUIPA claims against defendants in their official capacities. RLUIPA does not unambiguously condition receipt of funds under RLUIPA on a waiver of sovereign immunity for money damages against the state, *see Holley v. Cal. Dept. of Corr.*, No. 07-15552, slip op. 5215 (9th Cir. Apr. 5, 2010). Thus, Shilling cannot recover money damages on his RLUIPA claim by suing defendants here in their official capacities.

This court has not yet decided whether money damages for RLUIPA claims are available against state actors sued in their individual capacities. A number of other circuits have answered that question in the negative. *See, e.g., Nelson v. Miller*, 570 F.3d 868, 885-89 (7th Cir. 2009); *Rendelman v. Rouse*, 569 F.3d 182, 187-88 (4th Cir. 2009); *Sossamon v. Texas*, 560 F.3d 316, 327-29 (5th Cir. 2009); *Smith v. Allen*, 502 F.3d 1255, 1272-73 (11th Cir. 2007). We need not settle that question, however, because even assuming *arguendo* that such damages would otherwise be available, the defendants in this case are entitled to qualified immunity. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009) (internal quotation marks omitted). The right must have been clearly established at the time of

4

defendant's alleged misconduct, *id.* at 816, so that a reasonable official would have understood that what he was doing under the circumstances of the case violated that right, *Wilson v. Layne*, 526 U.S. 603, 615 (1999). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

The conduct at issue here took place in 2003-2004. RLUIPA was enacted in 2000. Pub. L. No. 106-274, 114 Stat. 803. In pertinent part, it provides that

> [n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person--
> (1) is in furtherance of a compelling governmental interest; and
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). Major cases interpreting RLUIPA were not decided until after the defendants proposed Shilling's transfer to another correctional facility that could more easily accommodate his request for a religious diet than HDSP. *See, e.g.*, *Warsoldier v. Woodford*, 418 F.3d 989 (9th Cir. 2005); *Greene v. Solano County Jail*, 513 F.3d 982 (9th Cir. 2008); *Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008). It was thus not clear in 2003-2004 that Shilling was entitled to relief under RLUIPA. Accordingly, the district court correctly applied qualified immunity to defendants on that account.

5

The Eleventh Amendment does not bar § 1983 claims against officials in their personal capacities. *Pena v. Gardner,* 976 F.2d 469, 472 (9th Cir. 1992). However, in this case, qualified immunity was correctly applied to Shilling's § 1983 claims because defendants could not reasonably have known that transferring Shilling from one correctional facility to another to accommodate his request for a kosher diet violated a clearly established First Amendment right. *See, e.g.*, *Wilkinson v. Austin*, 545 U.S. 209, 221-22 (2005) (holding that in most cases "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement" because "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose").

Because we hold that all defendants were entitled to summary judgment on all of Shilling's claims, we need not reach Shilling's arguments regarding specific defendants.

**AFFIRMED.**