**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EUGENE A. MAUWEE, Sr. | No. 09-17273 |
| Plaintiff - Appellant, | D.C. No. 3:06-cv-00122-RCJ-VPC |
| v. | |
| BILL DONAT; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Jones, District Judge, Presiding

Submitted December 14, 2010 [**]

Before: GOODWIN, WALLACE, and THOMAS, Circuit Judges.

Eugene A. Mauwee, Sr., a Nevada state prisoner, appeals pro se from the

district court's summary judgment in Mauwee's 42 U.S.C. § 1983 action making

claims under the First Amendment and the Religious Land Use and

Institutionalized Persons Act ("RLUIPA"). We have jurisdiction under 28 U.S.C.

_____

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291 and review de novo. *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Mauwee's RLUIPA claims for damages against the Department of Corrections and the state officials acting in their official capacities. *See Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1112 (9th Cir. 2010) ("RLUIPA's appropriate relief language does not unambiguously encompass monetary damages so as to effect a waiver of sovereign immunity from suit for monetary claims") (internal quotations omitted).

The district court properly concluded that Mauwee's claims for injunctive relief were moot because the record indicates that he is no longer subject to the policies that allegedly burdened his free exercise rights. *See Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986).

The district court properly granted summary judgment on the claims against the state officials in their individual capacities because these defendants are entitled to qualified immunity. *See Pearson v. Callahan*, 129 S.Ct. 808, 818 (2009) (courts may grant qualified immunity if the right was not clearly established without first considering whether a constitutional violation occurred). Mauwee had no clearly established right that other inmates be proscribed from using the sweat lodge. *See Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1069-70 (9th Cir. 2008) (en

banc) (perceived, subjective desecration of sacred sites does not constitute an undue burden on religion because it neither coerces action violating religious beliefs nor penalizes religious activity).

The district court also properly granted summary judgment on Mauwee's retaliation claim because he failed to raise a triable issue as to causation. *See Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) ("To show the presence of this element on a motion for summary judgment, [the plaintiff] need only put forth evidence of retaliatory motive, that, taken in the light most favorable to him, presents a genuine issue of material fact as to [defendant's] intent . . . .") (internal citation and quotations omitted). Beyond conclusory allegations of retaliatory intent, Mauwee did not proffer specific facts or evidence supporting this claim. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data.").

We decline to reach issues not raised in the opening brief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (issues not raised in the opening brief are generally waived).

Mauwee's remaining contentions are not persuasive.

**AFFIRMED.**