FILED

AUG 11 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFFREY ALLEN WILLIAMS, | No. 08-56381 |
| Plaintiff - Appellant, | D.C. No. 2:03-cv-07394-GHK-MLG |
| v. | |
| R. BELTRAN; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Submitted August 2, 2011[**]

Before:    RYMER, IKUTA, and N.R. SMITH, Circuit Judges.

Jeffrey Allen Williams, a California state prisoner, appeals pro se from the

district court's judgment dismissing his action for money damages under the

Religious Land Use and Institutionalized Persons Act ("RLUIPA"). We have

jurisdiction under 28 U.S.C. § 1291. We review de novo a judgment on the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

pleadings and an order of dismissal under Rules 12(c) and 12(b)(6), respectively, of the Federal Rules of Civil Procedure. *Berg v. Popham*, 412 F.3d 1122, 1125 (9th Cir. 2005). We affirm.

The district court properly dismissed Williams's action alleging that in 2003 prison officials improperly required that he shave his beard, in contravention of the tenets of his Muslim faith. Defendants in their official capacities were immune from suit because California did not waive its Eleventh Amendment immunity to suit for money damages under RLUIPA. *See Sossamon v. Texas*, __ U.S. __, 131 S. Ct. 1651, 1663 (2011); *Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1114 (9th Cir. 2010). Defendants in their individual capacities were entitled to qualified immunity from suit because it was not clearly established at the time of the alleged conduct that it violated RLUIPA. *See Warsoldier v. Woodford*, 418 F.3d 989, 997 n.7 (9th Cir. 2005) ("There exists little Ninth Circuit authority construing RLUIPA.").

**AFFIRMED.**