**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICKEY A. BEAVER, | No. 10-35583 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-05132-BHS |
| v. | |
| WESTERN STATE HOSPITAL; DR. DEEM, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted October 25, 2011[**]

Before: TROTT, GOULD, and RAWLINSON, Circuit Judges.

Rickey A. Beaver, a civil detainee at Western State Hospital, appeals pro se

from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

that defendants denied him adequate medical care. We have jurisdiction under 28

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). We affirm in part, reverse in part, and remand.

The district court properly dismissed Beaver's claims for monetary damages against Western State Hospital and Dr. Deem in her official capacity on the basis of Eleventh Amendment immunity. *See Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (per curiam) (Eleventh Amendment bars suits in federal court for damages against a state or an arm of the state); *see also Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010) (for sovereign immunity purposes, suits against state officials in their official capacities are treated as suits against the state).

However, dismissal of the claim against Dr. Deem in her individual capacity on the basis of qualified immunity was improper at this early stage of the proceedings because Beaver's allegations that Dr. Deem knowingly prescribed him medication to which he was allergic and thereafter knowingly failed for several weeks to prescribe pain medication for his chronic pain were sufficient to allege a violation of a clearly established constitutional right. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009); *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982) (defendant professional violates involuntarily committed plaintiff's constitutional rights when

rendering decisions with respect to plaintiff's treatment that are "a substantial departure from accepted professional judgment, practice, or standards"); *see also Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) ("In reviewing a motion to dismiss we presume that the facts alleged in the complaint are true." (citation and internal quotation marks omitted)). Accordingly, we reverse the judgment as to this claim, and remand for further proceedings.

The district court did not abuse its discretion by denying Beaver's motion for appointment of counsel because Beaver failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel).

Beaver's remaining contentions are unpersuasive.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**