**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ORLA KENNETH LUCAS, and all other persons similarly situated,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>ARIZONA SUPREME COURT FIDUCIARY CERTIFICATION PROGRAM, AKA Fiduciary Licensing Program; ARIZONA SUPREME COURT,<br><br>Defendants - Appellees. | No. 10-16602<br><br>D.C. No. 2:09-cv-02599-NVW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted October 14, 2011[**]
San Francisco, California

Before: HUG, KLEINFELD, and W. FLETCHER, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff Orla Lucas appeals the district court's dismissal of his suit against the Arizona Supreme Court. We affirm the district court's dismissal because sovereign immunity principles behind the Eleventh Amendment bar this action in federal court. *See Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) (holding that "a suit against the Superior Court [of California] is a suit against the State, barred by the eleventh amendment").

The Arizona Supreme Court, including its fiduciary certification program, is an "arm of the state" for Eleventh Amendment purposes. *See NAACP v. State of California*, 511 F. Supp. 1244, 1257-58 (E.D. Cal. 1981). The Eleventh Amendment bars an action by a private citizen against a state in federal court unless (1) Congress has abrogated state sovereign immunity under a valid grant of constitutional authority; or (2) a state has waived it. *Holley v. Cal. Dep't of Corrections*, 599 F.3d 1108, 1111 (9th Cir. 2010). Lucas does not point to any federal statute that abrogated the state's sovereign immunity, nor does he suggest that Arizona waived its immunity or consented to suit in federal court.

Under *Ex parte Young*, 209 U.S. 123, 160 (1908), a plaintiff can seek in federal court a prospective injunction against a state official for violations of federal law. However, Lucas named the Arizona Supreme Court and its fiduciary

certification program as Defendants; he did not name individual state officials. *See*

*Alabama v. Pugh*, 438 U.S. 781, 781-82 (1978).

**AFFIRMED.**