**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFFREY ALLEN WILLIAMS, | No. 10-15628 |
| Plaintiff - Appellant, | D.C. No. 1:03-cv-06048-OWW-YNP |
| v. | |
| A SANTA CRUZ; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Submitted February 21, 2012[**]

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Jeffrey Allen Williams, a California state prisoner, appeals pro se from the

district court's judgment dismissing his action alleging denial of the right to

practice his religion in violation of the Religious Land Use and Institutionalized

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Persons Act ("RLUIPA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissals under Federal Rule of Civil Procedure 25(a), *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994), 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and 28 U.S.C. § 1915(e), *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Williams's claims against defendant Santa Cruz in his individual capacity after the state filed and served notice of Santa Cruz's death and no party filed a valid motion to substitute his successor. *See* Fed. R. Civ. P. 25(a)(1). Contrary to Williams's contention, the district court was not required to substitute a successor for claims against Santa Cruz in his individual, rather than official, capacity. *Cf.* Fed. R. Civ. P. 25(d)(1) (automatic substitution for public officials sued in their official capacity if they die while action is pending).

The district court properly dismissed Williams's claims for damages against defendant Santa Cruz in his official capacity because California did not waive its Eleventh Amendment immunity to suit for money damages under RLUIPA. *See Sossamon v. Texas*, 131 S. Ct. 1651, 1655 (2011) (holding that "States, in

accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA"); *Holley v. Cal. Dep't of Corrs.*, 599 F.3d 1108, 1114 (9th Cir. 2010).

Williams's remaining contentions, including those regarding defendants Adams and Alameida, are unpersuasive.

We do not address issues that Williams has not raised on appeal. *See Cook v. Schriro*, 538 F.3d 1000, 1014 n.5 (9th Cir. 2008).

**AFFIRMED.**