**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DORIAN DAVIS, | No. 13-15516 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-01197-JTM-JMA |
| v. | |
| E. G. FLORES; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Jeffrey T. Miller, District Judge, Presiding[**]

Submitted January 21, 2015[***]

Before: CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Dorian Davis, a California state prisoner, appeals pro se from the district

court's summary judgment in his action 42 U.S.C. § 1983 action alleging

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Jeffrey T. Miller, United States District Judge for the Southern District of California, sitting by designation.

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

violations of the Religious Land Use and Institutionalized Persons Act

("RLUIPA") and the First Amendment. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo, and may affirm on any basis supported by the record.

*Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009). We affirm.

Summary judgment on Davis's claims for damages under RLUIPA was

proper because RLUIPA does not allow for damages against individuals sued in

their official or individual capacities. *See Wood v. Yordy*, 753 F.3d 899, 901 (9th

Cir. 2014) (a RLUIPA claim for damages against prison officials in their individual

capacities "may not be maintained"); *Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108,

1114 (9th Cir. 2010) ("The Eleventh Amendment bars [the plaintiff's] suit for

official-capacity damages under RLUIPA.").

The district court properly granted summary judgment on Davis's First

Amendment claim premised on a prison prohibition of unsupervised inmate-led

religious services because Davis failed to raise a genuine dispute of material fact as

to whether the prohibition was reasonably related to legitimate penological

interests. *See Turner v. Safley*, 482 U.S. 78, 89-91 (1987); *see also O'Lone v.*

*Estate of Shabazz*, 482 U.S. 342, 351-52 (1987) (no First Amendment violation

where inmates were unable to attend Jumu'ah services, but were free to participate

in other religious ceremonies and practices).

13-15516

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**