**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| BARRY NORTHCROSS PATTERSON, | No. 12-16327 |
| Plaintiff - Appellant, | D.C. No. 2:05-cv-01159-RCB |
| v. | |
| UNKNOWN MOORE; et al., | MEMORANDUM[*] |
| Defendants, | |
| and | |
| G. BRODERICK, Chaplain; WAYNE F. MASON, Chaplain, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Robert C. Broomfield, District Judge, Presiding

Submitted January 21, 2015[**]

Before: CANBY, GOULD, and N.R. SMITH, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Arizona state prisoner Barry Northcross Patterson appeals pro se from the district court's judgment in his 42 U.S.C. § 1983 action alleging violations of his right to free exercise of his religious beliefs under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)); *Shakur v. Schriro*, 514 F.3d 878, 883 (9th Cir. 2008) (summary judgment). We affirm.

The district court properly granted summary judgment on Patterson's First Amendment claim because Patterson failed to raise a genuine dispute of material fact as to whether the combination vegetarian/kosher diet burdened the religious expression of his faith. *See Shakur*, 514 F.3d at 884-85 (Free Exercise Clause is only implicated when a prison practice burdens a prisoner's sincerely-held religious beliefs).

The district court properly dismissed Patterson's RLUIPA claim for monetary relief because such a claim may proceed only for injunctive relief against defendants acting within their official capacities. *See Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014) (RLUIPA does not contemplate liability of government employees in individual capacity); *see also Holley v. Cal. Dep't of Corr.*, 599 F.3d

1108, 1114 (9th Cir. 2010) ("The Eleventh Amendment bars [the plaintiff's] suit for official-capacity damages under RLUIPA.").

The district court properly concluded that Patterson's RLUIPA claim for injunctive relief was moot because after bringing this action, prison officials provided Patterson the meat kosher meals that he requested. *See Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**