FILED

MAR 20 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REGINALD CLARENCE HOWARD, | No. 12-16937 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00728-GMN-GWF |
| v. | |
| HOWARD SKOLNIK, Director (NDOC); et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted March 10, 2015**

Before:     FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Nevada state prisoner Reginald Clarence Howard appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging, among

other claims, violations of his right to freely exercise his religious beliefs under the

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Shakur v. Schriro*, 514 F.3d 878, 883 (9th Cir. 2008). We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment as to Howard's RLUIPA claim for damages because such a claim may proceed only for injunctive relief against defendants acting within their official capacities. *See Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014) (RLUIPA does not contemplate liability of government employees in individual capacity); *see also Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1114 (9th Cir. 2010) ("The Eleventh Amendment bars [the plaintiff's] suit for official-capacity damages under RLUIPA.").

The district court properly concluded that to the extent Howard sought injunctive relief under the First Amendment and RLUIPA, his claims were moot because after bringing this action, Howard was transferred to another prison that offers a separate Nation of Islam service. *See Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (a prisoner's claims for injunctive relief relating to prison conditions are rendered moot by his transfer to another facility).

The district court did not abuse its discretion by allowing defendants to file for summary judgment after the court's deadline, or by granting defendants'

motion for a stay to allow adequate time for a settlement conference. *See Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (setting forth standard of review for a district court's decision to modify its scheduling order); *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (setting forth standard of review for a district court's decision to stay an action).

However, the district court erred in granting summary judgment on Howard's First Amendment claim for damages. Although defendants introduced evidence of legitimate penological interests generally, Howard created a genuine dispute as to whether defendants' decision to cancel Nation of Islam's religious services, while he was a prisoner at High Desert State Prison, reasonably advanced those penological interests. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 350-53 (1987) (restraint on inmate's ability to exercise his religion does not violate the First Amendment if it is reasonably related to a legitimate penological interest); *Swift v. Lewis*, 901 F.2d 730, 731-32 (9th Cir. 1990) (prison officials must produce some evidence that their policies were actually based on the legitimate correctional goals they assert). We, therefore, reverse and remand for further proceedings on this claim.

Contrary to Howard's contention that the district court failed to rule on his

Fourteenth Amendment deprivation of property claim, the district court granted summary judgment for Howard and awarded him $120.00 in damages because defendants "admit[ted] to being at fault" for losing his property.

The Clerk shall serve a copy of this memorandum on Reginald Clarence Howard at: 4322 Montdale Avenue, Las Vegas, NV 89121.

The parties shall bear their own costs on appeal.

**AFFIRMED in part; REVERSED in part; and REMANDED.**