**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

NOV 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BILLY PAUL BIRDWELL, II,

  Plaintiff - Appellant,

v.

JEFFREY BEARD[*]; et al.,

  Defendants - Appellees.

No. 12-17345

D.C. No. 2:10-cv-00719-KJM-GGH

MEMORANDUM[**]

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted November 18, 2015[***]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

California state prisoner Billy Paul Birdwell, II, appeals pro se from the

district court's summary judgment in his action alleging 42 U.S.C. § 1983 and

---

[*]     Jeffrey Beard has been substituted for his predecessor, Matthew L.
Cate, as Secretary of the California Department of Corrections and Rehabilitation
under Fed. R. App. P. 43(c)(2).

[**]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[***]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Jones v. Williams*,

791 F.3d 1023, 1030 (9th Cir. 2015), and we affirm.

The district court properly granted summary judgment on Birdwell's

RLUIPA claim for damages because RLUIPA does not allow for damages against

individuals sued in their official or individual capacities. *See Wood v. Yordy*, 753

F.3d 899, 904 (9th Cir. 2014) (RLUIPA does not contemplate liability of

government employees in individual capacity); *Holley v. Cal. Dep't of Corr.*, 599

F.3d 1108, 1114 (9th Cir. 2010) ("The Eleventh Amendment bars [an inmate's]

suit for official-capacity damages under RLUIPA.").

The district court properly concluded that Birdwell's claims for injunctive

and declaratory relief were moot because after bringing this action, Birdwell was

transferred to another prison where he is no longer subject to the prison policies he

challenges. *See Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (a prisoner's

claims for injunctive and declaratory relief relating to prison conditions are

rendered moot by his transfer to another facility).

The district court properly granted summary judgment on Birdwell's First

Amendment free exercise claims for damages because Birdwell failed to raise a

genuine dispute of material fact as to whether defendants' challenged actions were

not "reasonably related to legitimate penological interests." *Walker v. Beard*, 789 F.3d 1125, 1138 (9th Cir. 2015) (citation and internal quotation marks omitted) (elements of a free exercise claim).

The district court properly granted summary judgment on Birdwell's equal protection claim because Birdwell failed to raise a genuine dispute of material fact as to whether prison officials intentionally discriminated against him on the basis of his practice of Odinism. *See Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997) (§ 1983 plaintiff must show that officials intentionally acted in a discriminatory manner to establish an equal protection claim), *abrogated on other grounds as recognized by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008).

The district court properly granted summary judgment on Birdwell's retaliation claims because Birdwell failed to raise a genuine dispute of material fact as to whether defendants took an adverse action against him in response to his protected conduct. *See Brodheim v. Cry*, 584 F.3d 1262, 1269-71 (9th Cir. 2009) (setting forth elements of a retaliation claim in the prison context, and noting that "a plaintiff must show that his protected conduct was the substantial or motivating factor behind the defendant's conduct" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Birdwell's requests

for appointment of counsel because Birdwell failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement).

We do not consider issues or arguments not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**