NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAURENCE WOODS, Plaintiff-Appellant, v. D. STATON, Sheriff; et al., Defendants-Appellees. | No. 17-35729 D.C. No. 3:15-cv-02169-PK MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief Judge, Presiding

Submitted March 13, 2018[**]

Before: LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Laurence Woods appeals pro se from the district court's summary judgment

in his action brought under 42 U.S.C. § 1983 and the Religious Land Use and

Institutionalized Persons Act ("RLUIPA") alleging that defendants interfered with

the practice of his religion. We have jurisdiction under 28 U.S.C. § 1291. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo. *Jones v. Williams*, 791 F.3d 1023, 1030 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment on Woods's RLUIPA claims because RLUIPA does not allow for damages against individuals sued in their official or individual capacities or for injunctive relief for individuals that are not incarcerated. *See id.* at 1031 (RLUIPA claim for injunctive relief is moot where the plaintiff has been released from custody); *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014) (RLUIPA does not authorize lawsuits against government employees in their individual capacity); *Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1114 (9th Cir. 2010) ("The Eleventh Amendment bars [an inmate's] suit for official-capacity damages under RLUIPA.").

The district court properly granted summary judgment on Woods's Free Exercise Clause claims because Woods failed to raise a genuine dispute of material fact as to whether defendants' actions substantially burdened the practice of his religion or whether the regulations were not reasonably related to a legitimate penological interest. *See Jones*, 791 F.3d at 1031-32 (defining substantial burden); *see also Turner v. Safley*, 482 U.S. 78, 89-90 (1987) (factors for determining whether a prison regulation is reasonably related to a legitimate penological

2                                                                                    17-35729

interest).

The district court properly granted summary judgment on Woods's

Establishment Clause claims because Woods failed to raise a genuine dispute of

material fact as to whether defendants' actions had no secular purpose or whether

they had the principal or primary effect of advancing religion.

The district court properly granted summary judgment on Woods's Equal

Protection Clause claims because Woods failed to raise a genuine dispute of

material fact as to whether defendants discriminated against him due to his

religion. *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th

Cir. 2013) (requirements for an equal protection claim).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on

appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**