NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEREMY RAY LOVELADY, | No.   17-35909 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01614-PK |
| v. | |
| BEAMER, Dr., Prison official at Eastern Oregon Correctional Inst.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Paul J. Papak II, Magistrate Judge, Presiding**

Submitted June 12, 2018***

Before:     RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Jeremy Ray Lovelady, an Oregon state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**        The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c).

\***        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

deliberate indifference to his serious medical needs and negligence. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2014), and we affirm.

The district court properly granted summary judgment on Lovelady's deliberate indifference claim against defendant Garton because Lovelady failed to raise a genuine dispute of material fact as to whether Garton delayed Lovelady's treatment. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (recognizing that an inadvertent failure to provide adequate medical care or negligence in diagnosing or treating a medical condition does not support a deliberate indifference claim); *see also* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to . . . oppose a motion [for summary judgment] must be made on personal knowledge.").

The district court properly granted summary judgment on Lovelady's deliberate indifference claim against Beamer because Lovelady did not exhaust his administrative remedies, and Lovelady failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Paramo*, 775 F.3d at 1190-91 (outlining the steps involved for proper exhaustion).

17-35909

The district court properly granted summary judgment on Lovelady's negligence claim against Beamer because the claim is barred from litigation in federal court by sovereign immunity. *See* Or. Rev. Stat. § 30.265(1) (requiring the substitution of the State of Oregon as defendant for torts allegedly committed by a state employee acting within the scope of employment); *see also Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010) (recognizing that the Eleventh Amendment bars damages claims against a state "unless Congress has abrogated state sovereign immunity under its power to enforce the Fourteenth Amendment or [the] state has waived it"). To the extent Lovelady sought injunctive relief to prevent future harm, Lovelady's negligence claim against Beamer is moot, as Lovelady concedes in his reply brief that Beamer has provided the medical treatment sought.

Lovelady's appeal of the denial of his request for an injunction is moot. *See Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992) (when underlying claims have been decided, reversal of district court's effective denial of a preliminary injunction would have no practical consequences, and the issue is therefore moot).

Appellees' motion to strike portions of Lovelady's reply brief (Docket Entry

No. 19) is denied.

**AFFIRMED.**